IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SHERITHA HARRIS,                *

    Plaintiff,              *

vs.                             *
                                      CASE NO. 4:18-CV-132 (CDL)
UNITED CONSUMER FINANCIAL         *
SERVICES COMPANY,
                              *

    Defendant.
                               *

O R D E R

Sheritha Harris asserts a Fair Credit Reporting Act claim under 15 U.S.C. § 1681s-2 against United Consumer Financial Services Company as a furnisher of information to consumer reporting agencies. Furnishers like United "are required to (1) report accurate information to CRAs regarding consumers . . . and (2) conduct an investigation after receiving notice from a CRA of a dispute lodged by a consumer regarding information provided by the furnisher." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018). Consumers like Harris "have no private right of action against furnishers for reporting inaccurate information to CRAs regarding consumer accounts," but consumers may bring an action against a furnisher if the furnisher fails to conduct a reasonable investigation following a notice of dispute. *Id.* A consumer cannot prevail on such a claim unless she first establishes that the furnisher

reported inaccurate information regarding her account. *Id.* at 1313. Here, United seeks summary judgment on Harris's claim, arguing that Harris cannot establish that United reported inaccurate information regarding her account and that she thus cannot demonstrate an improper investigation, a willful violation of the Act, or damages. As discussed in more detail below, United's summary judgment motion (ECF No. 23) is denied because the evidence United submitted in support of its motion suggests that United reported that Harris's account was open even though it was closed and then verified that this information was accurate in response to Harris's dispute.

Harris entered a retail installment agreement with United in 2015. She defaulted on her monthly payments, and United "charged off and closed" the account on March 1, 2016. Def.'s Resp. to Pl.'s First Interrogs. 4 ¶ 2, ECF No. 23-2. The charge-off designation did not alter Harris's obligation under the credit agreement to pay the balance on her account. In March 2018, Harris reviewed her Trans Union credit report. As of March 5, 2018, United reported Harris's account status as "Open – Derogatory," her monthly payment as $72, and the payment status as "Collection/Charge-Off." Def.'s Mot. for Summ. J. Ex. C, Harris Credit Report 2, ECF No. 23-4 at 3. The "Closed Date" field is blank. *Id.* In the remarks section, United reported that the account was "Charged off as bad debt; Dispute resolved;

customer disagrees." *Id.* Harris sent a letter to Trans Union disputing the "open" account status and the monthly payment amount; she asked Trans Union to report the account "with a $0 monthly payment amount and a closed account status." Def.'s Mot. for Summ. J. Ex. H, Letter from S. Harris to Trans Union LLC, ECF No. 23-9.

Trans Union sent an automated credit dispute verification form to United, which stated that Harris "Claims account closed. Verify Account Status, Date Closed, and Payment Rating." Def.'s Mot. for Summ. J. Ex. I, ACDV Resp. 1, ECF No. 23-10. In its response, United stated that the account was charged off as a loss. *Id.* at 2. United represents that it left the "current balance," "original charge off amount," and "scheduled monthly payment" sections blank, "indicating it did not need anything to be reported in those categories with respect to" Harris's account. Def.'s Statement of Material Facts ¶ 11, ECF No. 23-1. But the document United cited does not support this representation: it contains a "Current Balance" of $1,584, an "Original Charge Off Amount" of $1,584, and a "Scheduled Monthly Payment" of $72.[1] ACDV Resp. 2. And, the "Date Closed" section is blank. *Id.* Trans Union sent Harris the investigation

---

[1] There are two columns on the form United submitted: "Request Data" and "Response Data." United did not point to any evidence regarding the difference between these two columns. On the document United relies on, only the "Request Data" column is completed, and the entire "Response Data" column is blank. ACDV Resp. 2.

3

results, which stated that her account was verified as accurate and that the item would appear on Harris's credit report with a balance of $1,584, original charge-off amount of $1,584, and terms of $72 per month. Def.'s Mot. for Summ. J. Ex. J, Investigation Results (May 26, 2018), ECF No. 23-11. The investigation results do not state that the account is closed. *Id.*

In summary, based on the present record, United reported Harris's account as open in March 2018 even though the account was closed and charged off in 2016. When Harris disputed the account's "open" status and stated that the account should be reported as closed, United did not make any changes to the information. Instead, it verified the information as accurate. Thus, the Court finds that genuine fact disputes exist on whether United furnished inaccurate information about Harris's account, whether a reasonable investigation would have revealed that the information was inaccurate, whether United committed a willful violation of the Fair Credit Reporting Act, and whether Harris suffered actual damages as a result. Accordingly, United's summary judgment motion (ECF No. 23) is denied.

IT IS SO ORDERED, this 13th day of January, 2020.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
